IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDITH CARLETTE BOWMAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 3:18-CV-656 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TEDDY HANCOCK AND SID LOCKHART, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, and for her Complaint against the Defendants, states as follows:

### PRELIMINARY STATEMENT

1. This action arises out of a series of sexual assaults perpetrated by an on-duty Chambers County Sheriff's Deputy. Even more troubling, the assaults occurred while the Plaintiff was incarcerated in the Chambers County Jail. This suit is brought to secure the protection of and to redress the deprivation of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, by and through 42 U.S.C. § 1983, as well as the state law claims alleged herein.

### PARTIES

2. Plaintiff, Edith Carlette Bowman ("Plaintiff"), is over the age of 19 years and is an individual resident citizen of Bremen, Carroll County, Georgia.

3. Defendant, Teddy Hancock ("Hancock"), is over the age of 19 years and, upon information and belief, is an individual resident citizen of Chambers County, Alabama. At all times material hereto, Hancock was employed by the Chambers County Sheriff's Office ("CSSO")

and was acting and/or purporting to act under color of law. All claims asserted herein against Hancock are in his individual capacity only.

4. Defendant, Sid Lockhart ("Sheriff Lockhart"), is the duly elected Sheriff of Chambers County, Alabama, and, as such, is in the individual responsible for the day-to-day operations of the Chambers County Jail. All claims asserted herein against Sheriff Lockhart are in his individual capacity only. Hancock and Sheriff Lockhart shall sometimes be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 28 U.S.C. § 1343(a)(1)(2)(3). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(1) and/or (2) because Defendants are residents of and/or situated in Chambers County, Alabama, which is located in the Eastern Division of the Middle District of Alabama, and because the acts and/or omissions alleged herein occurred in Chambers County, Alabama, which is located in this judicial district.

## CONDITIONS PRECEDENT

7. On March 27, 2018, Plaintiff provided to the County notice of her state law claims, in writing sent via certified mail, specifying the time, place, and extent of her injuries (to the extent known), and the acts and/or omissions that caused the injuries as required by Ala. Code §§ 6-5-20, 11-12-5, and 11-12-8 (1975).

## FACTUAL ALLEGATIONS

8. On or about December 7, 2017, Plaintiff was arrested on an Indictment for the charge of Theft of Property in the First Degree.

9. Plaintiff was unable to make bond and remained incarcerated in the Chambers County Jail.

10. Approximately two weeks after her arrival, Plaintiff was given and/or awarded the position of "Trustee," thereby making her eligible to work in various capacities within the Chambers County Jail.

11. Plaintiff initially was a "Trustee" within the kitchen; however, Plaintiff was subsequently transferred to a "Trustee" position within the laundry room.

12. Hancock was employed as a Deputy Sheriff, with authority over inmates housed in the Chambers County Jail and was acting within the line and scope of his employment with the CCSO.

13. In or about late January 2018, Hancock ordered Bowman to assist him with "stocking laundry" in a storage room, located upstairs within the Chambers County Jail.

14. Upon information and belief, the storage room in question was not equipped with video/audio surveillance cameras.

15. When Bowman entered the storage room, Hancock pushed her head against the wall and began groping and fondling her breasts and vagina. Hancock then forced Bowman to her knees and told Bowman to perform oral sex on him.

16. Bowman protested, to which Hancock responded, "don't forget who I am. I can make it miserable for you here." Hancock pulled out his penis and forced Bowman to perform oral sex on him.

17. Against her will, Bowman performed oral sex until Hancock reached the point of ejaculation.

18. On or about February 3, 2018, Bowman was stocking shoes. Hancock approached Bowman and demanded she stock the shoes in an upstairs storage room, located nearly and/or adjacent to where the first sexual assault encounter occurred.

19. Hancock led Bowman upstairs and unlocked the storage room. As Bowman attempted to place the shoes on a rack, Hancock began fondling her breasts. Hancock forced Bowman to kiss him on the mouth.

20. Hancock attempted to push Bowman to her knees again. Bowman refused. Hancock replied, "I am the captain. I get what I want." Hancock forcefully pushed Bowman to her knees and forced her to perform oral sex on him.

21. Several minutes later, Hancock forced Bowman's jail-issued jumpsuit open, bent her over, and penetrated her vagina with his penis. Hancock's sexual assault continued until Hancock reached the point of ejaculation. Hancock ejaculated inside of Bowman.

22. Neither room where these sexual assaults occurred was equipped with the necessary or requisite video and/or audio surveillance. The lack of surveillance and/or other oversight by other deputies/jail personnel, and/or policies, procedures, or regulations restricting one-on-one unsupervised contact between female inmates and male deputies contributed to Hancock's brazenness and/or willingness to perpetuate the acts complained of herein.

23. The following day, Bowman reported the incident(s) to her mother, who, in turn, reported the same to Bowman's criminal defense attorney.

24. Hancock has since been charged with two counts of Custodial Sexual Abuse, a class C felony, and has been terminated.

4

25. Upon information and belief, prior to these incidents involving Bowman, Sheriff Lockhart had actual and/or constructive notice of Hancock and/or other CCSO deputies' inappropriate and/or unlawful behavior concerning the treatment of female inmates at the Chambers County Jail.

26. However, Sheriff Lockhart ignored, failed to adequately investigate, failed to take remedial and/or protective actions and/or provide for the secure housing of female inmates to keep them safe from sexual harassment and/or sexual assaults.

27. Furthermore, Sheriff Lockhart failed and/or refused to promulgate, adopt, and/or enforce adequate policies and procedures to prevent conduct such as this. Furthermore, Sheriff Lockhart allowed areas within the Chambers County Jail to be devoid of and/or free from video and/or audio surveillance and/or monitoring, thereby facilitating and/or encouraging the conduct of Hancock and others against female inmates.

28. These failures rise to the level of a longstanding and/or widespread custom that is deemed authorized by Sheriff Lockhart because he should have known about them, but failed to stop the same.

29. Due to his deliberate indifference, policies of inaction, and/or ratification of specific conduct, Sheriff Lockhart is independently liable for the action and/or omissions of Hancock.

## COUNT I
## 42 U.S.C. § 1983 CLAIM
## VIOLATION OF THE FOURTH AMENDMENT – UNLAWFUL SEIZURE

30. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

31. Plaintiff brings this claim against Defendants Hancock and Sheriff Lockhart, which is an unlawful seizure in violation of the Fourth Amendment, and is a constitutional tort cognizable by and through 42 U.S.C. § 1983.

32. Hancock, while acting under color of law, recklessly, willfully, and/or intentionally deprived Plaintiff of her rights under the Fourth Amendment to the United States Constitution. Specifically, while acting under color of law as an employee of the County, Hancock unlawfully assaulted, abused, harassed, and/or raped Plaintiff while she was incarcerated.

33. In engaging in this unlawful and abhorrent conduct, Hancock was not acting within his discretionary authority, and his conduct violated clearly established rights, including but not limited to Ala. Code § 14-11-31(a) and/or otherwise clearly established law.

34. Upon information and belief, prior to these incidents involving Bowman, Sheriff Lockhart had actual and/or constructive notice of Hancock and/or other CCSO deputies' inappropriate and/or unlawful behavior concerning the treatment of female inmates at the Chambers County Jail. However, Sheriff Lockhart ignored, failed to adequately investigate, failed to take remedial and/or protective actions and/or provide for the secure housing of female inmates to keep them safe from sexual harassment and/or sexual assaults.

35. Sheriff Lockhart failed and/or refused to promulgate, adopt, and/or enforce adequate policies and procedures to prevent conduct such as this. Sheriff Lockhart allowed areas within the Chambers County Jail to be devoid of and/or free from video and/or audio surveillance and/or monitoring, thereby facilitating and/or encouraging the conduct of Hancock and others against female inmates.

36. These failures rise to the level of a longstanding and/or widespread custom that is deemed authorized by Sheriff Lockhart because he knew or should have known about them, but failed to stop the same.

37. Due to Sheriff Lockhart's deliberate indifference, policies of inaction, and/or ratification of specific conduct, he is independently liable for the action and/or omissions of Hancock.

38. As a proximate result of Defendants' unlawful seizure, Plaintiff has suffered the following injuries and damages:

    (a) Physical injury and bodily harm;

    (b) Pain and suffering;

    (c) Plaintiff was held up to public ridicule and humiliation;

    (d) Loss of the capacity for enjoyment of life;

    (e) Worry, fear, loss of sleep, anxiety, mental anguish, and emotional distress;

    (f) Medical and psychological treatment expenses and will continue to suffer the same in the future; and

    (g) Other serious and permanent injuries and damages to be proven at trial.

39. Plaintiff claims punitive damages of Defendants due to their reckless, wanton, willful, and/or intentional conduct.

40. Plaintiff requests an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, premises considered, Plaintiff demands judgment against Hancock and the County, jointly and severally, for any and all actual and special compensatory damages,

punitive damages, and an award of reasonable attorney's fees, in an amount to be determined by the jury, together with interest and the costs of this action.

## COUNT II
## 42 U.S.C. § 1983 CLAIM
## VIOLATION OF THE FOURTEENTH AMENDMENT – DUE PROCESS AS A PRETRIAL DETAINEE

41. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

42. Plaintiff brings this claim against Defendants Hancock and Sheriff Lockhart for cruel and unusual punishment as a pretrial detainee in violation of the due process clause of the Fourteenth Amendment, which is a constitutional tort cognizable by and through 42 U.S.C. § 1983.

43. Hancock, while acting under color of law, intentionally deprived Plaintiff of her due process rights under the Fourteenth Amendment to the United States Constitution. Specifically, while acting under color of law as an agent, servant, and/or employee of the CCSO, Hancock engaged in unwanted sexual conduct with Plaintiff, a pretrial detainee.

44. Hancock's conduct involved the wanton and unnecessary infliction of physical, mental, and emotional pain upon Plaintiff by subjecting her to a sexual assault.

45. In engaging in this unlawful and abhorrent conduct, Hancock was not acting within his discretionary authority, and his conduct violated clearly established law.

46. Upon information and belief, prior to these incidents involving Bowman, Sheriff Lockhart had actual and/or constructive notice of Hancock and/or other CCSO deputies' inappropriate and/or unlawful behavior concerning the treatment of female inmates at the Chambers County Jail. However, Sheriff Lockhart ignored, failed to adequately investigate, failed to take remedial and/or protective actions and/or provide for the secure housing of female inmates to keep them safe from sexual harassment and/or sexual assaults.

47. Sheriff Lockhart failed and/or refused to promulgate, adopt, and/or enforce adequate policies and procedures to prevent conduct such as this. Sheriff Lockhart allowed areas within the Chambers County Jail to be devoid of and/or free from video and/or audio surveillance and/or monitoring, thereby facilitating and/or encouraging the conduct of Hancock and others against female inmates.

48. These failures rise to the level of a longstanding and/or widespread custom that is deemed authorized by Sheriff Lockhart because he should have known about them, but failed to stop the same.

49. Due to Sheriff Lockhart's deliberate indifference, policies of inaction, and/or ratification of specific conduct, he is independently liable for the action and/or omissions of Hancock.

50. As a proximate result of Defendants' wanton and unnecessary infliction of pain upon Plaintiff while in police custody as a pretrial detainee, she has suffered the following injuries and damages:

    (a) Physical injury and bodily harm;

    (b) Pain and suffering;

    (c) Plaintiff was held up to public ridicule and humiliation;

    (d) Loss of the capacity for enjoyment of life;

    (e) Worry, fear, loss of sleep, anxiety, mental anguish, and emotional distress;

    (f) Medical and psychological treatment expenses and will continue to suffer the same in the future; and

    (g) Other serious and permanent injuries and damages to be proven at trial.

51. Plaintiff claims punitive damages of Hancock and the County due to their reckless, wanton, willful, and/or intentional conduct.

52. Plaintiff requests an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, premises considered, Plaintiff demands judgment against Hancock and the County, jointly and severally, for any and all actual and special compensatory damages, punitive damages, and an award of reasonable attorney's fees, in an amount to be determined by the jury, together with interest and the costs of this action.

## COUNT III
## ASSAULT AND BATTERY

53. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

54. Hancock, individually, and as an agent, servant, and/or employee of the City, intentionally and/or aggressively touched Plaintiff.

55. Hancock's touching was offensive and unwelcome by Plaintiff, which fact was known or should have been known to Hancock, but was nevertheless conducted in a harmful and/or offensive manner.

56. As a proximate result of Defendants' battery, Plaintiff has suffered the injuries and damages as set forth herein.

57. Plaintiff claims punitive damages of Defendants due to their reckless, wanton, willful, and/or intentional conduct.

WHEREFORE, premises considered, Plaintiff demands judgment against Hancock and the County, jointly and severally, for any and all actual and special compensatory damages,

punitive damages, in an amount to be determined by the jury, together with interest and the costs of this action.

Respectfully submitted this the 10th day of July 2018.

_____
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Robert G. Poole (POO014)
Jonathan K. Corley (COR049)
WHITTELSEY, WHITTELSEY, POOLE & CORLEY, P.C.
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.:   (334) 745–7766
Fax:   (334) 745–7666
E-mail: bpoole@wwp-law.com
          jcorley@wwp-law.com

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY AS TO ALL ISSUES SO TRIABLE.**

_____
Jonathan K. Corley

**Serve via Certified Mail:**

**Teddy Hancock**
**323 Lee Road 273**
**Cusseta, Alabama 36852**

**Sheriff Lockhart**
**2 South Lafayette Street**
**Lafayette, Alabama 36862**