IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDITH CARLETTE BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 3:18-cv-656-WKW-SMD |
| | ) |
| TEDDY HANCOCK and SID | ) |
| LOCKHART, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

Plaintiff, Edith C. Bowman, alleges that Deputy Sheriff Teddy Hancock sexually assaulted her twice while she was a pretrial detainee in the Chambers County Detention Facility.  Amd. Compl. (Doc. 31) ¶¶ 7-9, 15-19, 20-24.  She brings a six-count complaint against Hancock[1] and his alleged supervisor, Sid Lockhart, the Sheriff of Chambers County, Alabama, alleging Fourth and Fourteenth Amendment constitutional-tort claims pursuant to 42 U.S.C. § 1983.  (Doc. 31).  Sherriff Lockhart has moved to dismiss plaintiff's Fourth Amendment claims, Counts III & IV, for failure to state a claim.  (Doc. 38).  Sheriff Lockhart's motion is due to be granted because pretrial detainees are protected from unlawful force by the Fourteenth Amendment, not the Fourth.  *Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 952 (11th Cir. 2019).

---

[1] Plaintiff's claims against Hancock are stayed.  (Doc. 45).

## II. Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Speaker v. HHS CDC*, 623 F.3d 1371, 1379 (11th Cir. 2010). Legal conclusions are not entitled to the presumption of truth. *Am. Dental Assoc. v. Cigna*, 605 F.3d 1283, 1290 (11th Cir. 2010). Therefore, the court should first eliminate any allegations that are merely legal conclusions and then determine whether the remaining well-pleaded factual allegations plausibly give rise to an entitlement to relief. *Id.* Dismissal is warranted when a dispositive legal issue precludes relief or if the claim is based upon a meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). The Supreme Court instructs that "a claim must be dismissed without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

## III. DISCUSSION

Plaintiff brings Fourth Amendment claims against Sheriff Lockhart for alleged deliberate indifference to an unlawful seizure by Hancock, Count III, and for supervisory liability.[2] Count IV. The amended complaint explicitly alleges that plaintiff was a pretrial detainee at the time of the alleged sexual assaults. Amd. Compl. (Doc. 31) ¶ 94. This allegation is incorporated by reference in the Fourth Amendment claims against Sheriff

---

[2] She brings essentially identical claims pursuant to the Fourteenth Amendment in Counts V and VI.

2

Lockhart.  Amd. Compl. (Doc. 31) ¶¶ 100, 111.  The amended complaint also alleges that plaintiff was incarcerated in the Chambers County Detention Facility following her arrest on theft charges and failure to make bond.  Amd. Compl. (Doc. 31) ¶¶ 7-9.  These well-pleaded facts further establish that plaintiff was a pretrial detainee, not a prisoner.

In *Piazza*, the Eleventh Circuit recently held that the Fourteenth Amendment, not the Fourth, governs the use of force against pretrial detainees.  923 F.3d at 951-952.  The Eleventh Circuit held that "[w]hile the Fourth Amendment prevents the use of excessive force during arrests, and the Eighth Amendment serves as the primary source of protection . . . after conviction, it is the Fourteenth Amendment that protects those who exist in the in-between—pretrial detainees."  *Id.* at 952 (internal citations omitted).

Plaintiff argues that the Fourth Amendment's objective reasonableness standard should apply rather than a shocks-the-conscience due process standard.  Pl's Opp. (Doc. 43) ¶ 4.  However, in *Piazza* the Eleventh Circuit explains that "a pretrial detainee raising a Fourteenth Amendment claim needn't prove an officer's subjective intent to harm but instead need show only that the force purposely or knowingly used against [her] was objectively unreasonable."  *Id.* (internal quotes and citation omitted).  Force used against a pretrial detainee is unconstitutional if it is more severe than is necessary to achieve a permissible governmental objective.  *Id.*  The  Eleventh Circuit observed that "inasmuch as it entails an inquiry into the objective reasonableness of the officers' actions, the Fourteenth Amendment standard has come to resemble the test that governs excessive-force claims brought by arrestees under the Fourth Amendment."  *Id.* at 952-953.

Therefore, plaintiff's inability to bring a claim directly under the Fourth Amendment appears to have little, if any, substantive effect and Counts III and IV are duplicative of Counts V and VI.

Plaintiff also argues that her status as a trustee gave her more freedom within the jail than typical detainees enjoy and made her subject to seizure within the meaning of the Fourth Amendment. Pl's Opp. (Doc. 43) ¶¶ 8-11. Not surprisingly, plaintiff cites no legal authority to support this position. As the Eleventh Circuit makes clear in *Piazza*, determining what constitutional provision governs the use of force in a particular case turns strictly on the legal status of the plaintiff as an arrestee, convict, or pretrial detainee. 923 F.3d at 951-952. It does not require a detailed factual inquiry into the amount of freedom from restraint enjoyed by the prisoner, detainee, or arrestee at the time force was used. *Id.* The court rejects such a fact-specific test as unworkable because prisoners and detainees are subject to widely different levels of restraint depending on the nature of the facility in which they are housed, their prison employment, exercise schedule, and a myriad of other factors concerning day-to-day life in jail. In contrast, the controlling Eleventh Circuit test turns strictly on the plaintiff's legal status which is relatively straight-forward to ascertain. *Piazza*, 923 F.3d at 951-952.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant Sheriff Lockhart's Partial Motion to Dismiss (Doc. 38) be

GRANTED and that Counts III and IV of the First Amended Complaint (Doc. 31) be dismissed.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 20, 2019**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of September, 2019.

/s/ Stephen M. Doyle  
UNITED STATES MAGISTRATE JUDGE